**UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| JORDAN ROSENBLATT, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) Case No. _____ |
| v. | ) ) JURY TRIAL DEMANDED |
| AIRCASTLE LIMITED, PETER V. UEBERROTH, RONALD W. ALLEN, GIOVANNI BISIGNANI, MICHAEL J. CAVE, DOUGLAS A. HACKER, JUN HORIE, TAKASHI KURIHARA, TAKAYUKI SAKAKIDA, RONALD L. MERRIMAN, AGNES MURA, CHARLES W. POLLARD, and MICHAEL J. INGLESE, | ) ) CLASS ACTION ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on November 6, 2019 (the "Proposed Transaction"), pursuant to which Aircastle Limited ("Aircastle" or the "Company") will be acquired by newly-formed entities controlled by affiliates of Marubeni Corporation ("Marubeni") and Mizuho Leasing Company, Limited ("Mizuho Leasing"). Marubeni and its affiliates own approximately 28.8% of the outstanding common shares of the Company.

2. On November 5, 2019, Aircastle's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with MM Air Limited ("Parent") and MM Air Merger Sub Limited ("Merger Sub,"

and together with Parent, "MM Air"). Pursuant to the terms of the Merger Agreement, Aircastle's stockholders will receive $32.00 in cash for each share of Aircastle common stock they own.

3. On December 6, 2019, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Aircastle common stock.

9. Defendant Aircastle is a Bermuda exempted company and a party to the Merger Agreement. Aircastle's common stock is traded on the New York Stock Exchange under the ticker symbol "AYR."

10. Defendant Peter V. Ueberroth ("Ueberroth") is Chairman of the Board of the Company. Ueberroth is a member of the transaction committee of the Board (the "Transaction Committee").

11. Defendant Ronald W. Allen is a director of the Company.

12. Defendant Giovanni Bisignani is a director of the Company.

13. Defendant Michael J. Cave ("Cave") is a director of the Company. Cave is a member of the Transaction Committee.

14. Defendant Douglas A. Hacker ("Hacker") is a director of the Company. Hacker is a member of the Transaction Committee.

15. Defendant Jun Horie ("Horie") is a director of the Company. Horie was designated by Marubeni to serve on the Board.

16. Defendant Takashi Kurihara ("Kurihara") is a director of the Company. Kurihara was designated by Marubeni to serve on the Board.

17. Defendant Takayuki Sakakida ("Sakakida") is a director of the Company. Sakakida was designated by Marubeni to serve on the Board.

18. Defendant Ronald L. Merriman is a director of the Company.

19. Defendant Agnes Mura is a director of the Company.

20. Defendant Charles W. Pollard ("Pollard") is a director of the Company. Pollard is a member of the Transaction Committee.

21. Defendant Michael J. Inglese is Chief Executive Officer and a director of the Company.

22. The defendants identified in paragraphs 10 through 21 are collectively referred to herein as the "Individual Defendants."

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Aircastle (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

24. This action is properly maintainable as a class action.

25. The Class is so numerous that joinder of all members is impracticable. As of November 4, 2019, there were approximately 74,635,330 shares of Aircastle common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

26. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

27. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

28. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards

of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

29. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

30. Aircastle acquires, leases, and sells commercial jet aircraft to airlines throughout the world.

31. As of September 30, 2019, the Company owned and managed on behalf of its joint ventures 277 aircraft leased to eighty-seven customers located in forty-eight countries.

32. On November 5, 2019, Aircastle's Board caused the Company to enter into the Merger Agreement.

33. Pursuant to the terms of the Merger Agreement, Aircastle's stockholders will receive $32.00 in cash for each share of Aircastle common stock they own.

34. According to the press release announcing the Proposed Transaction:

> Aircastle Limited (NYSE: AYR) ("Aircastle") announced today that it has entered into a definitive agreement to be acquired by a newly-formed entity controlled by affiliates of Marubeni Corporation ("Marubeni") and Mizuho Leasing Company, Limited ("Mizuho Leasing"). Under the terms of the merger agreement, Aircastle shareholders will receive $32.00 in cash for each common share of Aircastle (other than shares already owned by Marubeni and its affiliates), representing a total valuation of approximately $2.4 billion, or approximately $7.4 billion including debt obligations to be assumed or refinanced net of cash. . . .
>
> The cash consideration of $32.00 per share represents a 34% premium over Aircastle's closing stock price on October 23, 2019, the last trading day prior to Aircastle's public announcement that Aircastle was evaluating strategic

alternatives, and a 41% premium over the volume weighted average share price during the 20 trading days ended October 23, 2019.

The transaction is subject to customary closing conditions, including approval by Aircastle's shareholders and receipt of certain regulatory approvals, and is expected to close in the first half of 2020. Marubeni has agreed to vote the common shares of Aircastle that Marubeni and its affiliates beneficially own in favor of the transaction. . . .

Citigroup Global Markets Inc. is acting as the exclusive financial advisor to Aircastle and Skadden, Arps, Slate, Meagher & Flom LLP and Conyers LLP are acting as Aircastle's legal advisors.

35. Marubeni and its affiliates own approximately 28.8% of the outstanding common shares of the Company and have agreed to vote their shares in favor of the Proposed Transaction.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

36. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

37. As set forth below, the Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

38. First, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Citigroup Global Markets Inc. ("Citi").

39. The Proxy Statement fails to disclose Citi's presentations: (i) provided to the Board at its October 4, 2019 meeting; (ii) provided to the Transaction Committee at its October 16, 2019 meeting; (iii) provided to the Transaction Committee at its October 27, 2019 meeting; and (iv) provided to the Board at its November 4, 2019 meeting.

40. With respect to Citi's Discounted Cash Flow Analysis contained in its November 5, 2019 presentation to the Board, the Proxy Statement fails to disclose: (i) Citi's basis for assuming that Aircastle's gross debt to equity would be equal 2.5x; (ii) Citi's basis for applying a

range of price to book value exit multiples of 0.8x to 1.0x; and (iii) the individual inputs and assumptions underlying the discount rates ranging from 8.1% to 9.4%.

41. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

42. Second, the Proxy Statement omits material information regarding the process leading up to the execution of the Merger Agreement.

43. The Proxy Statement fails to disclose how and on what basis the members of the Transaction Committee were selected.

44. The Proxy Statement fails to disclose Citi's basis for informing "representatives of Party C that a potential partial asset sale transaction would likely not maximize value for the Company's shareholders compared to a whole company transaction."

45. The Proxy Statement fails to disclose the nature of the Transaction Committee's discussion with Citi on October 16, 2019 regarding "the Company's standalone business prospects in the absence of a strategic transaction."

46. The Proxy Statement fails to disclose the nature of the "further discussions" with the seven financial sponsors that contacted the Company and Citi regarding a strategic transaction between October 24 and October 31, 2019, including who participated in the discussions.

47. The Proxy Statement also fails to disclose how discussions concluded between the Company and Party B regarding a potential transaction.

48. The Company's stockholders are entitled to an accurate description of the process leading up to the Proposed Transaction.

49. The omission of the above-referenced material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Merger; (ii) Purpose and Reasons of the Company for the Merger; Position of the Company as to Fairness of the Merger; Recommendation of the Board of Directors; and (iii) Opinion of Citigroup Global Markets Inc.

50. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Aircastle

51. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

52. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Aircastle is liable as the issuer of these statements.

53. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

54. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

55. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate

disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

57. The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

57. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

58. Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

59. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

60. The Individual Defendants acted as controlling persons of Aircastle within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Aircastle and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

61. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

62.  In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

63.  By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

64.  As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.  Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.  In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.  Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

  D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

  E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

  F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: December 18, 2019       **RIGRODSKY & LONG, P.A.**

              By: */s/ Gina M. Serra*
                Brian D. Long (#4347)
**OF COUNSEL:**          Gina M. Serra (#5387)
                300 Delaware Avenue, Suite 1220
**RM LAW, P.C.**          Wilmington, DE 19801
Richard A. Maniskas        Telephone: (302) 295-5310
1055 Westlakes Drive, Suite 300    Facsimile: (302) 654-7530
Berwyn, PA 19312         Email: bdl@rl-legal.com
Telephone: (484) 324-6800      Email: gms@rl-legal.com
Facsimile: (484) 631-1305
Email: rm@maniskas.com       *Attorneys for Plaintiff*